824 F.2d 977
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carl M. MILAM, Jr., Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, FAA, Respondent.
 Appeal No. 85-1655A
 United States Court of Appeals, Federal Circuit.
 April 17, 1987.
 
 Before RICH and DAVIS, Circuit Judges, and COWEN, Senior Circuit Judge.
 DAVIS, Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (Board), affirming petitioner's removal by respondent Federal Aviation Administration, Department of Transportation, is affirmed.
 
 OPINION
 
 2
 Petitioner was an air controller who was removed by respondent for striking against the Government in the summer of 1981. He appealed to the Board and the presiding official heard his case (along with a large number of other removed air controllers) and upheld the removal. Milam did not seek review by the full Board. Instead, appearing pro se, he appealed directly to this court.[1]
 
 
 3
 The only argument Milam raises before this court is that, during the strike in August 1981, he was an official member of the PATCO (the then air controller union) team negotiating with the Government in Washington to try to end the strike, and was on official leave for that purpose. That is the same claim we considered (and upheld for other controllers) in Fitzgerald, et al. v. Department of Transportation, FAA, 798 F.2d 461 (1986). The Government petitioned for certiorari in Fitzgerald, and the Supreme Court recently denied the writ on March 23, 1987. We have held Milam's case to await the Supreme Court's action on the Government's certiorari petition in Fitzgerald. Milam's case is finally ready for disposition.
 
 
 4
 Now that we actually address Milam's appeal to this court we discover that he never raised the Fitzgerald "official leave" issue before the respondent agency or the Board--presenting, instead, entirely different issues which were rejected by the agency and the Board and are not now raised before us. That Milam did not raise, in the proceedings below, the "official leave" Fitzgerald issue is shown by (1) the written report of his oral reply to the agency which does not even hint at this issue now newly raised; (2) his written appeal to the Board specifically mentions several other issues (in his defense) but not this one; (3) the lengthy decision of the presiding official (dealing with the cases of a large number of controllers) makes no reference whatever to Milam's claim of official leave or being part of PATCO's negotiating team in Washington; (4) Milam did not testify at the Board hearing; (5) the written material submitted to the Board by his former attorney did say that Milam could not report to work when scheduled but never indicated that Milam was a member of the PATCO negotiating team and was absent for that reason; and (6) the record contains no administrative findings, and no evidence, dealing with the significant facts that grounded our Fitzgerald decision, 798 F.2d at 465-466 (facts as to those petitioners' status and activities in Washington).
 
 
 5
 In this court petitioner rests on three unpersuasive items to show that he did raise the now-critical issue before the Board. First, he submits an affidavit (dated September 18, 1982) by Dennis Reardon, a leading member of the August 1981 PATCO negotiating team (involved in Fitzgerald ), which includes the statement that Milam was a member of that team. The insuperable difficulty is that Milam concedes that (a) this affidavit was never presented to the Board's presiding official who held his hearing on September 7-10, 1982 (before the affidavit was made), and that (b) Milam's reply brief in this court is the first occasion on which the document has been proffered in Milam's defense. Second, a written statement by one of Milam's former representatives (a PATCO vice-president) saying that the representative would represent Milam at his oral hearing before the agency because the latter "has been, and still is, in Washington, D.C.," but there was no reference whatever to what Milam was doing there or any hint of his being part of the negotiating team; instead, the representative's letter discusses some other defenses. Third, Milam now presents a copy of a request on respondent for a cash advance for travel in June 1981, but, as far as we can tell, this document was never presented in the proceedings below, nor was the requested travel ever connected (before the Board) with the PATCO negotiating team.
 
 
 6
 Our conclusion must be that petitioner simply never raised the issue before the agency or the Board, and is therefore precluded from presenting the matter to us. Lizut v. Department of the Army, 717 F.2d 1391, 1395-96 (Fed.Cir.1983). And the inevitable consequence of Milam's failure to raise the issue administratively is, as we have already indicated, that the administrative record contains nothing about Milam's activities and status in Washington as a member of the PATCO negotiating team--a significant factor in the Fitzgerald decision.
 
 
 7
 In view of the successful outcome of the Fitzgerald appeal, it may be regrettable that Milam failed to pursue this particular defense in the administrative proceedings, but the fact is that the four controllers involved in Fitzgerald all did so, and we are proffered no reason, good or bad, why Milam failed or refused to do likewise.
 
 
 
 [1]
 Petitioner did not request oral argument and none has been held